IN THE UNITED STATE DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY JOSEPH BELTRAN,

        Petitioner,

v.

WARDEN JACQUEZ,

        Respondent.

Case No. 3:23-cv-01888-JR

FINDINGS AND RECOMMENDATION

RUSSO, Magistrate Judge

Petitioner, an adult in custody at FCI Sheridan, brings this 28 U.S.C. § 2241 habeas case challenging the Bureau of Prison ("BOP") calculation of his sentence; petitioner contends that the BOP has failed to credit him for 484 days of pre-sentence custody credit. For the reasons that follow, the Petition for Writ of Habeas Corpus should be denied.

## BACKGROUND

On April 3, 2019, authorities from the State of Montana arrested petitioner for a violation of his terms of conditional release in Montana state criminal court Case Numbers DC 15-612 and DC-18-14 (the "Cascade County Cases"). Declaration of Stacy Fanello, ECF No. 8 ("Fanello Decl."), ¶ 3a, Attachment ("Att.") 1-4. On April 5, 2019, a criminal complaint was filed in the United States District Court for the District of Montana charging petitioner with Conspiracy with Intent to Distribute Controlled Substances. Fanello Decl., ¶ 3b, Att. 5. On that date, an arrest warrant was issued in the federal case. Fanello Decl., Att. 6.

On April 8, 2019, the U.S. Marshal's Service took petitioner into temporary custody pursuant to a writ of habeas corpus ad prosequendum. Fanello Decl., Atts. 7-8. On April 11, 2019, petitioner's conditional release was revoked in the Cascade County Cases, and he was

1 – FINDINGS AND RECOMMENDATION

ordered into the custody of the Montana Department of Corrections upon return from the U.S. Marshal's Service.  Fanello Decl., Atts. 9, 10.  Petitioner remained in the temporary custody of the U.S. Marshal until August 3, 2020, when he was sentenced in the United States District Court for the District of Montana to a 160-month term of imprisonment in Case No. CR 19-35-GF-BMM-2.  Fanello Decl., ¶ 3f, Att. 11.  Also on August 3, 2020, petitioner was returned from the temporary custody of the U.S. Marshal to Montana state authorities.  Fanello Decl., ¶ 3g, Att. 8.

On January 25, 2021, petitioner was released via parole by Montana state authorities to the exclusive custody of the U.S. Marshal's Service.  Fanello Decl., ¶ 3h, Att. 12.  On June 6, 2023, the United States District Court for the District of Montana issued an order granting in part petitioner's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Fanello Decl., ¶ 3i, Att. 19.  The Order stated the Court's judgment of conviction in Case No. CR 19-35-GF-BMM-2 shall be amended to reflect a sentence reduction of 12 months, resulting in a total term of incarceration of 148 months.  Fanello Decl., ¶ 3i, Att. 19.  The sentence reduction is reflected in petitioner's projected release date including 666 days of projected good conduct time, resulting in a release date of February 5, 2031.  Fanello Decl., ¶ 4.

On December 14, 2023, petitioner filed his petition for writ of habeas corpus with this Court, asserting the BOP incorrectly calculated his sentence.  Petitioner contends he is entitled to 484 days of pre-sentence credit while in federal custody and seeks an order requiring the BOP to credit his sentence.  Respondent contends the petition should be denied because petitioner failed to exhaust his available administrative remedies and because he is not entitled to relief on the merits of his claim.

2 – FINDINGS AND RECOMMENDATION

**LEGAL STANDARDS**

Under 28 U.S.C. § 2241, a district court may grant habeas relief when a petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A § 2241 habeas petition is the appropriate vehicle to challenge the correctness of a jail-time credit determination. *Astorga v. Jacquez*, 2024 WL 221379, at *2 (D. Or. Apr. 17, 2024) (citing *Rogers v. United States*, 180 F.3d 349 (1st Cir. 1999).

**DISCUSSION**

I.   **Exhaustion of Administrative Remedies**

In order to seek habeas relief under § 2241, a petitioner must first, "'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano*, 649 F.3d 899, 900 (9th Cir. 2010) (per curiam). Requiring a petitioner to exhaust remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Id*. Moreover, it allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." *Id*; *United Farm Workers v. Arizona Agric. Employ. Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982).

"Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injury the plaintiff, or where the administrative proceedings themselves are void." *United Farm Workers*, 669 F.2d

3 – FINDINGS AND RECOMMENDATION

at 1253 (citation omitted); *see also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (exhaustion waived where request for administrative remedy was initially denied by Community Corrections Office based upon official BOP policy, and further appeal would almost certainly have been denied based upon the same policy). Courts should not, however, relax the exhaustion requirement where it "would encourage the deliberate bypass of the administrative scheme." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

The BOP maintains an administrative process for prisons that begins with an informal grievance, or BP-8. If an inmate does not achieve satisfactory results from that informal process, he may file a formal complaint with the warden using a BP-9 form. If the BP-9 is unsuccessful, the prisoner can file a Regional Administrative Remedy Appeal (BP-10). Finally, if the BP-10 does not afford the inmate satisfactory relief, he can file a Central Office Administrative Remedy Appeal (BP-11). *See* 28 C.F.R. §§ 542.13-542.15. If the BOP denies relief on the BP-11, the inmate has exhausted his administrative remedies and may file for judicial relief.

Here, petitioner did not exhaust his administrative remedies. Petitioner admits as much, and states he is currently attempting to re-submit his grievances. He further states the grievance process at FCI Sheridan is "clearly futile" and that he has been unable to obtain signatures from staff to complete the grievance process. Beyond these statements, however, petitioner presents no evidence of actual attempts to pursue his administrative remedies. In the absence of any such evidence, petitioner has not satisfied the burden of establishing that exhaustion would be fultile. *See Hoslett v. Thomas*, Case No. 2:10-cv-0406 EFB P, 2012 WL 3990446, at *3 (E.D. Cal. Sept. 11, 2012) (generally, the burden falls upon the party seeking to bypass exhaustion to show that exhaustion of administrative remedies would be futile). In any event, notwithstanding

4 – FINDINGS AND RECOMMENDATION

petitioner's failure to exhaust administrative remedies, petitioner's claim should be denied on the merits.

## II.     Relief on the Merits

Federal law grants to the United States Attorney General responsibility for federal sentence computation decisions. *United States v. Wilson*, 503 U.S. 329, 333 (1992); *United States v. Checchini*, 967 F.2d 348, 349 (9th Cir. 1992). The Attorney General has in turn delegated sentence computation to the BOP. *See* 28 C.F.R. § 0.96.

Under 18 U.S.C. § 3585(a), a federal sentence "commences on the date the defendant is received in custody . . . to commence service of sentence[.]" Further, BOP Program Statement 5880.28, *Sentence Computation Manual (CCCA of 1984)*, provides that "in no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed." BOP Prog. Statement 5880.28 (1992), at pp. 1-13, *available at* http://www.bop.gov/police/progstat/5880_028.pdf. Finally, 18 U.S.C. § 3585(b) prohibits the BOP from giving credit for presentence time spent in official detention that 'has been credited against another sentence." 18 U.S.C. § 3585(b); *see also Lopez v. Terrell*, 654 F.3d 176, 184-85 (2d Cir. 2011) ("[B]ecause the defendant's presentence custody has already 'been credited against another sentence'—namely, the defendant's state sentence—the agency is prohibited from crediting that time against his federal sentence").

Petitioner cannot prevail on his claim that he is entitled to 484 days of credit for time served in Montana custody against his federal sentence. The State of Montana arrested petitioner on April 3, 2019, thereby acquiring primary jurisdiction over him. *Reynolds*, 603 F.3d at 1152. Petitioner received credit against his Montana state sentence for the 484 days he was in Montana's primary custody from April 3, 2019, through August 2, 2020, when his federal

5 – FINDINGS AND RECOMMENDATION

sentence was imposed. This period wholly encompasses the 484 days for which petitioner seeks credit against his federal sentence. The BOP is thus prohibited from applying credit for this time against petitioner's federal sentence. 18 U.S.C. § 3565(b); BOP Program Statement 5880.28; *see also Wilson*, 503 U.S. at 337 ("Congress [in Section 3585(b)] made clear that a defendant could not receive a double credit for his detention time").

Petitioner argues the District of Montana ordered the 484 days be credited to his sentence in the June 6, 2023, Order granting his request for compassionate release. Petitioner is, however, mistaken. In that Order, the court cited the time spent by petitioner in custody prior to his federal conviction in conjunction with the likelihood that his sentence would be shorter if imposed on that later date and considering petitioner's performance in custody to conclude that a 12-month reduction in his sentence was warranted under 18 U.S.C. § 3553(a). Fanello Decl., Att. 19, pp. 8-9. The Court did not order an additional credit against petitioner's imprisonment for the 484 days, nor could it do so under the laws cited above.

Because petitioner remained in the primary jurisdiction of Montana between April 3, 2019, and August 2, 2020, and because he received credit toward his state sentence for that time, the BOP was correct in declining to award petitioner prior custody credit. Accordingly, petitioner is not entitled to habeas corpus relief in this Court.

## CONCLUSION

For these reasons, the Court should DENY the Petition for Writ of Habeas Corpus and enter a judgment of DISMISSAL.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order.

The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have until fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to *de novo* consideration of the factual issues and will constitute waiver of a party's right to appellate review of the findings of fact in an order judgment entered pursuant to this recommendation.

DATED this   13th   day of August 2024.

/s/ Jolie Russo
Jolie A. Russo
United States Magistrate Judge

7 – FINDINGS AND RECOMMENDATION